OPPENBORN v. AUDITOR GENERAL.

Taxation—Delinquent Lands—Auditor General's Charges
—Liability of County.

It is the policy of the law to make losses occurring through de-
fective tax proceedings chargeable to the State, county, or
municipality through the default of whose officers the loss
has occurred, and the auditor general is justified in including
in his petition for sale lands reported to him as delinquent and
charging the expense thereof to the county, though the taxes
were in fact paid, but not reported to him, before the expense
became a lien, and he likewise may properly charge to the
county the expense connected with reported delinquents in
cases where, through defective description, no tax could be
collected. Sections 3882, 3914, 3918, 1 Comp. Laws.

Mandamus by Christian A. Oppenborn, treasurer of
Alpena county, to compel James B. Bradley, auditor
general, to expunge from the records certain charges
against the county of Alpena. Submitted February 7,
1905. (Calendar No. 20,900.) Writ denied May 12, 1905.

Section 59 of the general tax law (1 Comp. Laws, § 3882,
as amended by Act No. 262, Pub. Acts 1899) reads as
follows:

"Any person may pay the taxes or any one of the
several taxes, on any parcel or description of land returned
as aforesaid, or on any undivided share thereof, with in-
terest computed thereon from the first day of March next
after the same were assessed, at the rate of one per cent.
per month or fraction thereof, with four per cent. as a col-
lection fee, to the county treasurer of the county in which
the lands are situated, at any time before they are sold:
*Provided*, That on all descriptions of land on which any
of the several taxes remain unpaid on the first day of
October next preceding the time prescribed for the sale
thereof, there shall be charged an additional one dollar
for expenses and which shall thereafter be a lien on said
land and when collected shall belong to the general fund
of the State."

Section 91 of the same law (§ 3914) reads as follows:

"All losses that may be sustained by the default of any township officer in the discharge of any duty imposed by this act, shall be chargeable to such township.    All losses by default of any county officer shall be chargeable to such county, and all losses by default of any State officer shall be chargeable to the State."

Section 95 (§ 3918) provides:

" If the auditor general shall discover before the sale of any lands as aforesaid, that for any reason they should not be sold, he shall cause the same to be withheld from sale; and if the error originated with the township or county officers, the amount of such taxes shall be charged against the county from which the same was returned; if such error was made by a township officer, the amount thereof shall be charged by the county treasurer to the township in which such error occurred."

The petition in this case sets forth that in the quarterly statement made by the auditor general to the county of Alpena there appears as charges against the county something over $1,000 as expense and interest on expense. This consists mainly of the charge of $1 for each description of land reported by the county treasurer to the auditor general as delinquent for taxes, as per section 59, and this amount was added to descriptions of land upon which the taxes had been paid to the county, city, or township treasurer before the said $1 had become a lien against the lands, and upon others where there were erroneous descriptions, or no such subdivision of land as stated in the petitions.    The petitioner asks that the auditor general be required to expunge these items from the account and from the records of his office as unlawful and void.

*Henry K. Gustin*, for relator.

*John E. Bird*, Attorney General ( *Charles W. McGill*, of counsel ), for respondent.

GRANT, J. (*after stating the facts*). The city, county, and township treasurers failed to report to the auditor general that the taxes already reported delinquent had been paid. The auditor general has no means of determining when taxes are paid after return, except as he may be informed by these officers. He was therefore justified in including these lands in his petition for sale. The auditor general was not responsible for incurring this additional expense of a dollar for each description; neither was he responsible for the erroneous descriptions. It is the policy of the law to make losses occurring through defective tax proceedings chargeable to the State, county, or municipality through the default of whose officers the loss has occurred. Section 91, above cited; *Auditor General* v. *Bolt*, 124 Mich. 185. The defects in these proceedings and the failure to report payments to the local officers after the delinquent roll had been returned to the auditor general are due to the officers of the county and municipalities. The State is not responsible, because no blame attaches to the auditor general. The case falls clearly within *Auditor General* v. *Bolt*, supra.

The writ is denied.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.